**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:17-cv-22211-JLK**

JUAN ROMAN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER PURSUANT TO LIMITED REMAND

THIS CAUSE is before the Court upon the Limited Remand Order of the United States Court of Appeals for the Eleventh Circuit in the above-styled case, entered July 7, 2021. DE 24. The Eleventh Circuit directed this Court to either grant or deny a certificate of appealability ("COA") from the denial of Movant's Rule 60(d) Motion for Relief from Judgment (DE 18). *Id*.

On October 26, 2018, the Court entered an order (DE 16) that reaffirmed Magistrate Judge Patrick A. White's Report and Recommendation denying Movant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, and ruled that no COA should issue after *de novo* review in light of Movant's Objections (DE 14). On August 17, 2020, Movant filed a Motion for Relief from Judgment pursuant to Rule 60(d). DE 18. On October 26, 2020, the Court denied Movant's Rule 60(d) Motion as untimely and, on the merits, because Movant "failed to state any grounds to justify vacating the Court's Final Order of Dismissal." DE 19.

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a COA is issued under 18 U.S.C. § 2253(c). Movant requires a COA to proceed on appeal. DE 24 at 2–3. "Where a district court has rejected the constitutional claims on the merits . . .

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Read v. United States*, No. 2:17-cv-322-FtM-38MRM, 2019 WL 625554, at *1 (M.D. Fla. Feb. 14, 2019) citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By contrast, when a district court has rejected a claim on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

This Court denied Movant's Rule 60(d) Motion procedurally as untimely. DE 19. "Although subsection [60](b)(3) limits a party to bringing a motion within one (1) year, the district court may also entertain an independent action to 'set aside a judgment for fraud on the court' even if more than a year has passed." *Day v. Benton*, 346 F. App'x 476, 478 (11th Cir. 2009) citing Fed. R. Civ. P. 60(d)(3); *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1337–38 (5th Cir. 1978).

In his Motion, Movant argues that there was fraud on the Court perpetrated by the government agents who investigated his case. *See* DE 18. Specifically, Movant argues that the agents misrepresented the technology used in their investigation. *Id*. Therefore, Movant was not subject to a time limit to file his Motion arguing fraud on the Court. However, the COA should not issue based on the merits of the Motion.

"Where relief from a judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence the adverse party obtained the verdict through fraud." *Council v. AFGE Union*, 559 F. App'x 870, 872 (11th Cir. 2014). The Motion merely rehashes how computer files are "shared" and downloaded despite Movant's guilty plea that was entered and then affirmed by the Eleventh Circuit. *United States v. Roman*, No. 645 F. App'x 922, 923 (11th Cir. 2016).

The Court's Order (DE 19) denied Movant's Rule 60(d) Motion because his arguments improperly attempted to relitigate the matters previously raised and rejected. Because Movant did not make a substantial showing of the denial of a constitutional right, and because he failed to present a basis for this Court's reconsideration, the Court concludes that Movant is not entitled to a COA from the denial of his Motion for Relief of Judgment pursuant to Rule 60(d).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that certificate of appealability **SHALL NOT ISSUE** as to Movant's Rule 60(d) motion (DE 18). It is **FURTHER ORDERED** that The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the Clerk's Office of the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of July, 2021.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:     **All counsel of record**
        **Clerk of Court**
        **Juan Roman,** *pro se*
        05601-104
        Butner FMC
        Federal Medical Center
        Inmate Mail/Parcels
        Post Office Box 1600
        Butner, NC 27509